UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLORIA QUIÑONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09cv0231 TCM |
| ) | |
| ERIC K. SHINSEKI, Secretary ) | |
| of Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This action is before the Court[1] on the motion of Defendant, Eric K. Shinseki, Secretary of Veterans Affairs, for summary judgment on the grounds that Plaintiff, Gloria Quiñones, failed to exhaust administrative remedies [Doc. 24] and on the cross-motion of Plaintiff for summary judgment on the grounds that the principles of waiver, estoppel, and equitable tolling excuse any untimeliness in the filing of a formal discrimination complaint [Doc. 31].[2]

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2]Also pending is Defendant's Motion Pursuant to Rule 56(f) requesting that, should his summary judgment motion be denied, a ruling on Plaintiff's motion be at least deferred until he has had time to engage in discovery. It is unclear, however, from Plaintiff's motion that she is asking for summary judgment on the merits of her retaliation claim. Rather, it appears that she is arguing that she has established a prima facie case and that this argument is addressed to her contention that Defendant's motion for summary judgment should be denied.

## Background

Effective June 26, 2005, Plaintiff was hired as a medical technologist for the Department of Veterans Affairs ("VA"), subject to a one-year probationary period. (Pl. Aff. ¶ 3; Pl. Ex. B-1; Lewis Decl. ¶ 3.) Plaintiff was assigned to the John Cochran Division of the St. Louis VA Medical Center ("SLVAMC"). (Pl. Aff. ¶ 3; Pl. Ex. B-1.)

Included in the more than 35 hours of employment training Plaintiff received was a one-hour course on June 28 on "The Prevention of Sexual Harassment and the Discrimination Complaint Process." (Marie Lewis Decl. ¶ 4; Def. Ex. B.) In that training session, the process and timelines for filing Equal Employment Opportunity ("EEO") complaints were discussed and set forth in a handout given to the attendees. (Lewis Dec. ¶ 5; Def. Ex. C.) Both the discussion and the handout specifically stated that a complainant's formal complaint must filed within 15 days after receipt of the notice of the right to file a discrimination complaint. (Id.) The 15-day deadline is repeated several times in the handout. (Def. Ex. C.)

In November, Plaintiff was identified to an EEO officer by another VA employee as being a witness to his harassment by a third employee. (Pl. Aff. ¶¶ 4-5, 10.)

On February 16, 2006, Plaintiff received a letter from Marie Lewis, the Human Resources Officer for the SLVAMC, informing Plaintiff that she was terminated effective March 3, 2006. (Pl. Aff. ¶ 17; Pl. Ex. M; Lewis Decl. ¶ 6.) The cited reason was failure to qualify during the trial period. (Pl. Ex. M.) The letter also informed Plaintiff of how to initiate an EEO complaint if she felt she was being discriminated against. (Id.)

On February 27, Plaintiff contacted the VA's Office of Resolution Management ("ORM"), alleging she had been terminated in retaliation for being a witness and in discrimination against her temporary disability and her national origin, Puerto Rican. (Pl. Aff. ¶ 19; Pl. Ex. N.)

By letter dated April 6, 2006, and mailed to Plaintiff's St. Louis address, ORM informed Plaintiff that the informal counseling on her discrimination complaint was being closed and included two copies of a Notice of Right to File a Discrimination Complaint with instructions to sign both copies, keep one, and return the other to the VA. (Pl. Ex. R; Lewis Decl. ¶ 8.) The Notice instructed Plaintiff, in bold letters, that if she chose to, she had to file a formal complaint within 15 calendar days of the receipt of the Notice. (Def. Ex. D.) Also enclosed was a form complaint, VA Form 4939. (Id.) The complaint could be filed in person or sent to one of three addresses. (Id.) If the complaint was sent to either of the two Washington, D.C., addresses, a copy was to be provided to the ORM Field Office. (Id.) Plaintiff was cautioned that failure to provide that copy would delay the processing of her complaint. (Id.)

Plaintiff signed the Notice on April 11, 2006, the same day it was received. (Id.; Def. Ex. G.)

On April 13, EEO counselor Richard Tilden returned documents to Plaintiff that she had previously given him, advising her that they might be useful if she decided to file a formal EEO complaint. (Pl. Ex. S.)

On May 22, Plaintiff called the VA's ORM and was told that no discrimination complaint had been received. (Pl. Stat. of Facts ¶ 22.) The same day, Plaintiff faxed Tilden

a signed, undated Complaint of Employment Discrimination. (Def. Ex. E.) By letter dated May 25 and delivered by Federal Express to Plaintiff's Puerto Rico address, Plaintiff was informed that her complaint had been received and was, based on the date of the fax, considered to be filed as of May 22. (Pl. Ex. U.) Six days later, another letter was sent requesting that Plaintiff explain why she filed the complaint beyond the 15-calendar day limit. (Def. Ex. F.) She was to provide this explanation within 15 calendar days to an intake specialist with the VA ORM. (Id.)

On June 6, Plaintiff faxed her explanation to the intake specialist. (Def. Ex. G.) She explained that she went to the post office on April 17 with two letters, one for the EEO and another for the "work dept." (Id.) The latter was sent by certified mail. (Id.) She lacked the funds to send the EEO letter by certified mail. (Id.) She might have put the EEO letter in the Jefferson City envelope or it might have fallen in the post office. (Id.) She wrote in her calendar that she send the papers on April 17. (Id.) She did not know what happened. (Id.) In her affidavit, Plaintiff avers that she thought she had mailed her EEO complaint to Tilden on April 17. (Pl. Aff. ¶ 23.)

Ten days later, Plaintiff was informed by letter that her explanation for the delay in filing a formal complaint had not been accepted and, therefore, her claim was dismissed for failure to file a complaint in a timely manner. (Pl. Ex. W.) This letter also informed Plaintiff that she could, among other things, appeal the adverse decision to the Equal Employment Opportunity Commission ("EEOC") within 30 days. (Id.) Plaintiff did appeal, stating, among other things, that she did not know what happened to her complaint because she did not have the money to send it by certified mail. (Pl. Ex. X.)

On October 24, 2007, the EEOC denied her appeal. (Pl. Ex. Z.)

In her pending action, Plaintiff alleges that she mailed a completed Form 4939 within 15 days and "speculates that perhaps it went astray in the mails." (Comp. ¶ 24.) In his motion for summary judgment, Defendant asks that Plaintiff's case be dismissed for failure to timely exhaust required administrative remedies.

## Discussion

"Rule 56(c) [of the Federal Rules of Civil Procedure] 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" **Erenberg v. Methodist Hosp.**, 357 F.3d 787, 791 (8th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). The initial burden is on the moving party to clearly establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. See **City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.**, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the non-moving party must do more than show that there is some doubt as to the facts. See **Matsushita Elec. Indus. Co. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986). "[I]n order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." **Webb v. Lawrence County**, 144 F.3d 1131, 1135 (8th Cir. 1998). See also **Stanback v. Best Diversified Products, Inc.**, 180 F.3d 903, 909 (8th Cir. 1999) (finding general statements in affidavits

and depositions are insufficient to defeat a properly supported summary judgment motion). Where the unresolved issues are primarily legal, rather than factual, summary judgment is particularly appropriate. See **Adams v. Boy Scouts of America - Chickasaw Council**, 271 F.3d 769, 775 (8th Cir. 2001); **Gordon v. City of Kansas City, Mo.**, 241 F.3d 997, 1002 (8th Cir. 2001).

Plaintiff alleges in her complaint that Defendant violated Title VII of the Civil Rights Act of 1964, as amended by the Equal Opportunity Act of 1972, 42 U.S.C. § 2000e-16 ("Title VII"), by retaliating against her because she was a witness in another employee's discrimination case and by discriminating against her because of her national origin and a temporary disability. The VA is an executive federal agency and is prohibited from making any personnel action affecting employees based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-16(a); 29 C.F.R. § 1614.103(2); see also **Irwin v. Dept. of Veterans Affairs**, 498 U.S. 89, 91 (1990).

"Federal employees asserting Title VII claims must exhaust their administrative remedies as a precondition to filing a civil action in federal district court." **McAdams v. Reno**, 64 F.3d 1137, 1141 (8th Cir. 1995) (citing Brown v. General Servs. Admin., 425 U.S. 820, 832 (1995)); accord **Watson v. O'Neill**, 365 F.3d 609, 614 (8th Cir. 2004). These administrative remedies include first seeking relief in the agency that allegedly discriminated against the complainant. **Brown**, 425 U.S. at 832; 29 C.F.R. § 1614.105(a) (setting 45-day limit for initial contact with agency's EEO Counselor). Plaintiff did so. If, as in the instant case, the matter is not resolved at this initial stage, the agency's EEO Counselor must inform the complainant in writing of the right to file a discrimination complaint within 15 days of

receipt of the notice.  29 C.F.R. § 1614.105(d).  The VA did so.  A complaint must then be filed with the agency within 15 days of receipt of the notice.  29 C.F.R. § 1614.106(a), (b); accord **Patrick v. Henderson**, 255 F.3d 914, 915 (8th Cir. 2001).  Plaintiff received the notice on April 11.  If a complaint is filed, the agency must acknowledge receipt in writing and inform the complainant of the date on which the complaint was filed.  29 C.F.R. § 1614.106(e).  The VA informed Plaintiff in writing that they had received her complaint on May 22 – 26 days after the 15-day period had ended.

A failure to meet this 15-day administrative time requirement does not deprive this Court of subject matter jurisdiction.  See **Zipes v. TWA, Inc.**, 455 U.S. 385, 393 (1982); **Jessie v. Potter**, 516 F.3d 709, 712-13 (8th Cir. 2008); **Coons v. Mineta**, 410 F.3d 1036, 1040 (8th Cir. 2005).  Rather, the requirement is, "'like a statute of limitations, subject to waiver, estoppel, and equitable tolling.'"  **Id.** (quoting Zipes, 455 U.S. at 393); accord **Dorsey v. Pinnacle Automation Co.**, 278 F.3d 830, 835 (8th Cir. 2002).  The first two doctrines are inapplicable to the instant case.  Waiver may occur when there is a delay in pleading the defense of limitations.  **Zipes**, 455 U.S. at 389.  There is no such delay.  Equitable estoppel "comes into play when a defendant takes active steps to prevent a plaintiff from suing on time."  **Dring v. McDonnell Douglas Corp.**, 58 F.3d 1323, 1329 (8th Cir. 1995) (internal quotations omitted).  There are no allegations of such conduct.

The third doctrine, equitable tolling, "'is a remedy reserved for circumstances that are truly beyond the control of the plaintiff.'"  **Briley v. Carlin**, 172 F.3d 567, 570 (8th Cir. 1999) (quoting Shempert v. Harwick Chem. Corp., 151 F.3d 793, 798 (8th Cir. 1998)).  Thus, the doctrine "will extend the deadline due to an employee's excusable ignorance, but

. . . is precluded once it is shown that the employee was generally aware of her rights." **Id.**; accord **Hamilton v. West**, 30 F.3d 992, 994 (8th Cir. 1994). Plaintiff argues that the doctrine of equitable tolling applies to her filing of the complaint with the VA because she thought she had mailed it, having gone to the post office with two letters, but does not know what happened. This argument, however, confirms that Plaintiff was aware of her rights. Her awareness is also shown by her attendance at a seminar and receipt of a handout explaining those rights, her receipt of the Notice with the form complaint, and her receipt of Tilden's letter returning documents to her in case she needed them for filing a complaint.

The question then is whether Plaintiff's belief that she had mailed her complaint satisfies the doctrine of equitable tolling.[3]

The Court notes that "there is a general rebuttable presumption that a properly mailed document is received." **Kerr v. Charles F. Vatterott & Co.**, 184 F.3d 938, 947 (8th Cir. 1999); accord **In re Hairopoulos**, 118 F.3d 1240, 1244 (8th Cir. 1997). To raise this presumption, Plaintiff "must show . . . that [her complaint] was prepared, properly addressed, stamped and mailed or deposited in a proper place for the receipt of mail." **Seven Provinces Ins. Co. v. Commerce & Indus. Ins. Co.**, 65 F.R.D. 674, 683 (W.D. Mo. 1975). Plaintiff's explanation that she thought she had mailed her complaint but did not know what had happened clearly fails to establish the presumption.

---

[3]In her memorandum, Plaintiff also alleges that extenuating circumstances of lack of funds and stress merit application of the doctrine of equitable tolling. In addition to these circumstances not being indicative of an excusable ignorance of her rights, neither is averred to by Plaintiff as a reason for her not timely filing a complaint.

In so holding, the Court is not unappreciative of Plaintiff's candor in answering whether she mailed her complaint. The focus of the doctrine of equitable tolling, however, is whether she was aware of her rights and this focus is unforgiving of any negligence or mishaps in the mailing of her complaint. See e.g., **Johnson v. Henderson**, 234 F.3d 367, 368 (8th Cir. 2000) (per curiam) (finding that equitable tolling doctrine did not apply when plaintiff had timely mailed his complaint to the wrong office and had then submitted it to the correct office after the time limit had run); **Harris v. Administrator, Veterans Affairs**, 924 F.2d 148, 150 (8th Cir. 1991) (finding that equitable tolling doctrine did not apply when initial appeal had been sent by plaintiff to wrong agency and agency had not returned it to him until after time limit had run). Thus, however sympathetic the Court might be to Plaintiff's situation, the law is clear that the doctrine of equitable tolling does not apply in this case. See **Baldwin County Welcome Ctr. v. Brown**, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to federal courts are not be disregarded by courts out of a vague sympathy for particular litigants.").

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion of Defendant, Eric K. Shinseki, Secretary of Veterans Affairs, for summary judgment is **GRANTED**. [Doc. 24]

**IT IS FURTHER ORDERED** that the cross-motion of Plaintiff, Gloria Quiñones, for summary judgment is **DENIED**. [Doc. 31]

**IT IS FINALLY ORDERED** that all other pending motions are **DENIED** as moot.

An appropriate Judgment shall accompany this Memorandum and Order.

                              <u>/s/Thomas C. Mummert, III</u>
                              THOMAS C. MUMMERT, III
                              UNITED STATES MAGISTRATE JUDGE

Dated this <u>22nd</u> day of October, 2009.